### ARETAS FERRY *vs.* MEDAD FERRY.

On a promissory note payable "with interest annually," if the interest be not paid or sued for as it accrues, the holder is not entitled to recover interest on the annual interest of the principal, from the time such annual interest falls due, but interest on the principal only.

Where a promissory note, attested by a subscribing witness, was given on the 15th of August, 1825, for the payment of a sum of money, "with interest annually," within three days after the decease of H. F., who died on the 2d of June, 1845, and an action was commenced on the 4th of October, 1847, to recover the amount due on the note, it was held, that the interest for the first two years was not barred by the Rev. Sts. *c.* 120, § 7.

THIS action, which was commenced on the 4th of October, 1847, was brought to recover the amount due on a promissory note, of which the following is a copy : —

" Granby, August 15, 1825.   For value received I promise to pay Aretas Ferry or order three hundred and thirty-one dollars and twenty cents with interest annually — to be paid within three days after the decease of the widow Hannah Ferry of Granby — which payment I bind myself, my heirs and assigns to pay.   Witness my hand.   $ 331·20.   Medad Ferry.   Attest Lucy C. Warren."

The defendant pleaded the general issue, with a specification of the statute of limitations.   The trial was before *Byington*, J., in the court of common pleas.

The defendant, on the trial, admitted the execution of the note, and that the widow Hannah Ferry died on the 2d of June, 1845.   The only question raised was as to the mode in which the jury should compute interest on the note.

The defendant requested the judge to instruct the jury, in making up their verdict, to compute simple interest on the principal of the note only, from the 15th of August, 1827, to the time of rendering their verdict.

The presiding judge declined giving the instructions as requested, but instructed the jury as follows : —

" That the plaintiff could not recover compound interest ; that, although the interest was by the express terms of the note payable annually, they could not, at the end of each

successive year, add the interest of such year to the principal, and, upon the aggregate sum so found, cast interest annually, but they should cast simple interest on the principal of the note from its date to the time of rendering their verdict; that the interest being payable annually, it became due and payable at the end of each successive year, and the defendant having neglected to pay such interest, they would cast simple interest on the interest for each year from the time it became due and payable to the time of rendering their verdict; and that the amount due on the note was the principal of said note, simple interest on such principal, and simple interest on the interest for each year, from the time it became due and payable to the time of their verdict."

The jury returned a verdict for the plaintiff, with damages assessed conformably to these instructions, and the defendant thereupon alleged exceptions.

*W. Bowdoin*, for the defendant.

The bill of exceptions presents two questions, both of which relate to the amount of interest recoverable on the note.

1. The interest, being payable annually, became due, and an action might have been maintained to recover it at the end of each year. *Cooley* v. *Rose*, 3 Mass. 221; *Greenleaf* v. *Kellogg*, 2 Mass. 568; *Little* v. *Blunt*, 9 Pick. 488; *Hastings* v. *Wiswall*, 8 Mass. 455; *Tucker* v. *Randall*, 2 Mass. 283. The first two years' interest is consequently barred by the Rev. Sts. *c.* 120, § 7, by which it is provided, that "all personal actions on any contract," not otherwise limited by law, "shall be brought within twenty years after the occurring of the cause of action." *Clark* v. *Swift*, 3 Met. 390; *Austin* v. *Moore*, 7 Met. 116; *Von Hemert* v. *Porter*, 11 Met. 210.

2. The principle, upon which the interest was computed, is erroneous. The instructions make a distinction without a difference. The jury were first instructed, that the plaintiff was not entitled to compound interest; and then they were directed to compute interest on the annual interest. Accord-

ing to this mode of computation, the interest will not amount to so much as if it was compounded every year; but it will amount to a much larger sum than simple interest for the same time; and to the extent of the excess above simple interest, it is compound. In the present case, the interest allowed was nearly equal to simple interest at the rate of ten per cent. This being greater than the rate provided by law, (Rev. Sts. c. 35, § 1) is usurious.

What is meant by simple, and what by compound, interest, may be ascertained from the books of arithmetic, which are in common use. Thus, Pike defines simple interest to be " that which is allowed on the principal only ; " and compound interest, as " that which arises from the interest being added to the principal, and (continuing in the hands of the borrower) becoming part of the principal, at the end of each stated time of payment." Adams gives the same definition, in nearly the same words. The mode of computation, which was adopted in the present case, comes substantially within the definition of compound interest, as given by these authors.

Compound interest is not recoverable ; as has been decided in England, in *Waring* v. *Cunliffe*, 1 Ves. Jr. 99 ; *Ossulston* v. *Yarmouth*, 2 Salk. 449 ; *Sir Thomas Meers's Case*, cited in 1 Atk. 304 ; — in Kentucky, in *Rodes* v. *Blythe*, 2 B. Mon. 336 ; — in Virginia, *Childers* v. *Deane*, 4 Rand. 406 ; — in New York, in *Van Benschooten* v. *Lawson*, 6 John. C. 313 ; *Mowry* v. *Bishop*, 5 Paige, 98 ; *Connecticut* v. *Jackson*, 1 John C. 13 ; — in Maine, in *Doe* v. *Warren*, 7 Greenl. 48 ; — and in Massachusetts, in *Hastings* v. *Wiswall*, 8 Mass. 455 ; *Dean* v. *Williams*, 17 Mass. 417 ; *Reed* v. *Reed*, 10 Pick. 398 ; *Wilcox* v. *Howland*, 23 Pick. 167, 169 ; *Von Hemert* v. *Porter*, 11 Met. 210. Since the decision in *Hastings* v. *Wiswall*, it has been held to be the settled rule in this commonwealth, and the practice has conformed to it, not to allow any more than simple interest in cases like the present. All existing contracts have been entered into with reference to the rule thus established; and it would be mischievous and

inconvenient now to abrogate it. As the plaintiff might have brought his action for the annual interest, as it fell due, by not having done so, he must be held to have waived his claim to interest on the interest.

*G. T. Davis*, for the plaintiff.

The ruling in the present case was founded on a distinction, which has not as yet been adopted in this commonwealth. The only statute provision on the subject is found in the Rev. Sts. *c.* 35, §§ 1 and following, which relate merely to the rate of interest *eo nomine*, and of interest by way of damages, but are silent as to the mode of computation, which is left to be settled by the common law, or by usage. The question arises, then, whether there is any well established principle underlying and governing this matter. In the case of *Dodge* v. *Perkins*, 9 Pick. 368, 388, which is a leading case on the subject of interest, the court lay down the following general rule : — "Upon the principles of the common law, we think it clear that interest is to be allowed, where the law by implication makes it the duty of the party to pay over the money to the owner without any previous demand on his part." This rule is fully sustained by the English and other cases, which are collected in Bouvier's Law Dictionary, under the head of "Interest;" and the ruling in the present case complies with all its conditions. The rule is not controverted; but it is said, that, according to the decisions of this court, the case of a note like that now under consideration is an exception. Is there any thing, then, in these decisions, which militates against the general rule as thus laid down? If there is, it is within the power of the court to reëxamine the subject, and to revise those decisions; as was done in the case of *Bicknell* v. *Dorion*, 16 Pick. 478. 480, in which the court overruled a then recent decision of their own, establishing a rule of practice.

It is said in the argument for the defendant, and arithmetics in popular use are referred to in order to show, that, according to the mode adopted for computing the interest in the present case, the plaintiff will recover compound interest

But the rule given by Adams for computing compound interest shows the difference. " Compound interest," he says, " is calculated by adding the interest to the principal at the end of each year, and making the amount the principal for the succeeding year." Compound interest, then, is the making of principal out of the interest at the end of each year. But that is not the present case. The cases have not decided, that interest cannot be computed according to the rule laid down in the present case, but only that compound interest cannot be recovered. The distinction now contended for was first suggested by the editor's note to the case of *Hastings* v. *Wiswall*, 8 Mass. 455 ; and neither in that, nor in any of the subsequent cases, has it been otherwise decided.

The very point now in question was decided in New Hampshire, in the case of *Peirce* v. *Rowe*, 1 N. H. 179, in which it was held, that, " upon a note payable with interest annually, interest at the rate of six per cent *per annum* should be cast upon the principal, and interest upon the annual interest in the nature of damages for its detention, from the time it becomes payable." And the principle of this case (subsequently confirmed by that of *Drew* v. *Drew*, 3 N. H. 40) is recognized in Sedgwick on Damages, 407 ; in *Kennon* v. *Dickens*, 1 Taylor, 231, and Cam. & Nor. 357, cited in Blydenburgh on Usury, 68 ; *Wright* v. *Wright*, 2 M'Cord's Ch. 202 ; and *Rodes* v. *Blythe*, 5 B. Mon. 336.

If this were a new question, now for the first time raised in this court, the general rule above stated, sanctioning the method of computation adopted in this case, would doubtless be held to be applicable. But its application is resisted on two grounds. In the first place, it is urged, that the recovery of interest on the annual interest would savor of usury. But, from the decisions, this reason must be considered as abandoned. A new note may be given for the interest payable with interest ; and such note is held not to be usurious. So, of the interest received by banks, which, according to their usages of business, slightly exceeds the legal interest. There are other cases, also, in which more than simple inter-

est is recoverable, on the ground of usage. *Kellogg* v. *Hitch-cock*, 5 Wend. 531; *Eaton* v. *Bell*, 5 Barn. & Ald. 34; *Von Hemert* v. *Porter*, 11 Met. 210, 219. But if the contracts, in these cases, would otherwise be usurious, how can the usage cover up the usury? The second reason urged against the adoption of the rule is that given in the case of *Hastings* v. *Wiswall*, namely, that the creditor, by not suing for his annual interest as it falls due, is. considered as waiving his claim to interest on the interest. But this reason, if it proves any thing, proves too much. One of the grounds, therefore, for rejecting the rule, must be considered as abrogated; the other as untenable. In 1836, this court, in the case of *Dodge* v. *Perkins*, established the general principle, that interest is recoverable as damages, for the detention of money which ought to be paid. The older decisions are inconsistent with this principle; and ought therefore to yield to the establishment of a more consistent and just mode of computation.

To the objection, that the first two years' interest is barred by the Rev. Sts. *c.* 120, § 7, as having accrued more than twenty years before the commencement of the action, the plaintiff answers, first, that the contract on which the action is brought is entire, and the claim of interest general; and, second, that as the interest for these two years fell due before the passing of the revised statutes, the law applicable to that part of the case is the preëxisting and not the present law.

*R. A. Chapman* replied.

SHAW, C. J. The direction to the jury, in the present case, was, in the opinion of this court, contrary to a settled rule of law, adopted in this commonwealth, and to a long course of practice on the subject of interest. It has been repeatedly decided, that compound interest is not allowed by law, and it makes no difference, that by stipulation the interest is to be paid annually.* The contract to pay interest at the expiration of each year is a valid contract, and may be enforced by action. *Greenleaf* v. *Kellogg*, 3 Mass. 568; *Cooley*

---

* See 1 Domat's Civil Law (Am. ed.), § 1953

v. *Rose,* 3 Mass. 221; *Herries* v. *Jamieson,* 5 T. R. 553. So, if a new note is given for the interest, it is thereby converted into capital, and may rightfully be given with interest. *Wilcox* v. *Howland,* 23 Pick. 167. Or, if after interest has become due, an account is stated, making rests, it is lawful. *Eaton* v. *Bell,* 5 Barn. & Ald. 34. So, where partial payments have been made, in cash, or by rents and profits, or otherwise, the payments are to be first applied to the satisfaction of the interest then due, and the balance only is to go towards the reduction of the principal. *Dean* v. *Williams,* 17 Mass. 417; *Fay* v. *Bradley,* 1 Pick. 167; *Reed* v. *Reed,* 10 Pick. 398. This principle gives the creditor the benefit of compound interest, where payments from time to time have been made, or where after the interest becomes due he obtains security for it, or resorts to an action to enforce the payment.

But where there has been no payment, demand, or adjustment, it has been repeatedly settled, that in ascertaining the amount due on a note, made payable with interest annually, simple interest only is to be computed. *Hastings* v. *Wiswall,* 8 Mass. 455; *Dean* v. *Williams,* 17 Mass. 417; *Von Hemert* v. *Porter,* 11 Met. 210. The same rule has been followed in Maine, in a case in which the reasons are very fully stated. *Doe* v. *Warren,* 7 Greenl. 48. The same rule is adopted in New York, in equity, and, we believe, at law. *Connecticut* v. *Johnson,* 1 Johns. C. 13; *Van Benschooten* v. *Lawrence,* 6 Johns. C. 313.

In support of the argument for allowing interest on interest, from the time it becomes due, we are referred to the case of *Dodge* v. *Perkins,* 9 Pick. 368. There is some general statement in that case, that where the payment of money due is withheld unlawfully and against right, the law will allow interest for it. Had this been a new question, depending on general principles, and not governed by precedent, the proposition stated in that case would have afforded some color to the plaintiff's claim. But it is a proposition to be taken with its well established qualifications, as well settled as the rule itself. No question was raised in that case, as to the allow-

ance of interest on interest, and such interest was not there allowed. The only question was, whether, under the circumstances of that case, simple interest should be computed on the principal sum.

As to the first two years' interest, we think that the action is not barred by the twenty years' limitation (Rev. Sts. *c.* 120, § 7), because the interest stipulated to be paid is regarded as incident to the debt, and recoverable with it ; and, although the creditor may recover for the interest which accrues before the principal becomes due, yet if he forbear to bring his action for that purpose, as he may, the interest remains incident to the debt, and may be recovered with it.

The case of *Pierce* v. *Rowe*, 1 N. H. 179, which was decided in 1818, is opposed to the rule adopted in this state. Whether it has since been followed in New Hampshire, we are not apprised. But, whether it has or not, we cannot find in it sufficient authority for changing what we must consider a settled rule here. *Exceptions sustained.*